MORGAN, LEWIS & BOCKIUS LLP
Max Fischer, Bar No. 226003
max.fischer@morganlewis.com
Aimee Mackay, Bar No. 221690
aimee.mackay@morganlewis.com
Megan McDonough, Bar No. 317402
megan.mcdonough@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:   +1.213.612.2500
Fax:  +1.213.612.2501

Attorneys for Defendant
CHARTER COMMUNICATIONS, LLC and
CHARTER COMMUNICATIONS, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN M. SONICO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CHARTER COMMUNICATIONS, LLC, a Delaware Limited Liability Company, CHARTER COMMUNICATION, INC., dba CHARTER COMMUNICATIONS (CCI), INC., a Delaware Corporation, and DOES 1-50, Inclusive,<br><br>Defendants. | Case No. '19CV1842 BEN LL<br><br>[San Diego Superior Court Case No. 37-2019-00044218-CU-OE-CTL]<br><br>**NOTICE OF REMOVAL UNDER THE CLASS ACTION FAIRNESS ACT ("CAFA"), 28 U.S.C §§ 1441, 1446, AND 1453**<br><br>State Action Filed: August 21, 2019<br><br>State Action Served: August 26, 2019 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1331, 1441(a) and (b), and 1446, Defendants Charter Communications, LLC and Charter Communications, Inc. ("Defendants" or "Charter"), hereby remove to this Court the above-entitled action, pending as Case No. 37-2019-00044218-CU-OE-CTL in the Superior Court of the State of California for the County of San Diego (the "State Court Action").

## I. INTRODUCTION

1. This case is properly removed to this Court pursuant to 28 U.S.C. §§ 1441, 1446, and 1453 because (i) the aggregate number of putative class members is 100 or greater; (ii) diversity of citizenship exists between one or more Plaintiffs and one or more Defendants; and (iii) the amount placed in controversy by the Complaint exceeds, in the aggregate, $5 million, exclusive of interests and costs. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), and 1453.

## II. PROCEDURAL BACKGROUND

2. On August 21, 2019, Plaintiff Justin M. Sonico ("Plaintiff") filed an unverified putative class action complaint for damages in the Superior Court of the State of California, County of San Diego, entitled JUSTIN M. SONICO, individually and on behalf of all others similarly situated, vs. CHARTER COMMUNICATIONS, LLC, a Delaware Limited Liability Company, CHARTER COMMUNICATION, INC., dba CHARTER COMMUNICATIONS (CCI), INC., a Delaware Corporation, and DOES 1-50, Inclusive, Case No. 37-2019-00044218-CU-OE-CTL (the "Complaint").

3. On August 26, 2019, Plaintiff served Defendants with a copy of Plaintiff's Complaint, Summons, and accompanying service documents. A copy of

Plaintiff's Complaint, Summons and accompanying documents is attached here as **Exhibit A** to the declaration of Aimee Mackay ("Mackay Decl.").

4. On September 25, 2019, Defendants filed an Answer to Plaintiff's Complaint in the Superior Court for the State of California, County of San Diego. A copy of Defendants' Answer is attached here as **Exhibit B** to the Mackay Decl.

5. Plaintiff has brought a putative class action on behalf of all Non-Exempt Employees who have worked for Defendant in California. Mackay Decl., Ex. A, ¶ 10.

6. Plaintiff alleges the following violations in six causes of action against Defendant: (1) Failure to Pay Wages Including Overtime; (2) Failure to Provide Meal Periods; (3) Failure to Provide Rest Periods; (4) Failure to Pay Timely Wages; (5) Failure to Provide Accurate Itemized Wage Statements; (6) Violation of Business & Professions Code § 17200, *et seq*. (*Id*. ¶¶ 46-86.)

## III.  REMOVAL IS TIMELY

7. Defendant was served with the Summons and Complaint on August 26, 2019. Because this Notice of Removal is filed within thirty days of service of the Summons and Complaint, it is timely under 28 U.S.C. §§ 1446(b) and 1453. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). No previous Notice of Removal has been filed or made with this Court for the relief sought in this removal notice.

## IV.  THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER CAFA

8. Plaintiff seeks to bring this action as a putative class action on behalf of the putative class under Cal. Code Civ. Proc. § 382. (*See* Mackay Decl., Ex. A ¶ 10.) Here, removal based on Class Action Fairness Act ("CAFA") diversity jurisdiction is proper pursuant to 28 U.S.C. §§ 1441, 1446, and 1453 because (i) the aggregate number of putative class members is 100 or greater; (ii) diversity of citizenship exists between one or more Plaintiffs and one or more Defendants; and

(iii) the amount placed in controversy by the Complaint exceeds, in the aggregate, $5 million, exclusive of interests and costs. 28. U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), and 1453. Defendants deny Plaintiff's factual allegations and deny that Plaintiff, or the class he purports to represent, is entitled to the relief requested; however, based on Plaintiff's allegations in the Complaint and his prayer for relief, all requirements for jurisdiction under CAFA have been met.[1] Accordingly, diversity of citizenship exists under CAFA, and this Court has original jurisdiction over this action pursuant to 28 U.S.C § 1332(d)(2).

### A. The Proposed Class Contains At Least 100 Members.

9. Plaintiff asserts claims on behalf of himself and "[a]ll persons who have been employed by Defendants as Non-Exempt Employees or equivalent positions…in the state of California within four (4) years from the filing of the Complaint in this action until its resolution[.]" Mackay Decl., Ex. A ¶ 10. A review of Defendants' records shows that, based on Plaintiff's definition, the proposed class contains well over 100 prospective, current and former employees.

### B. Diversity of Citizenship Exists.

10. To satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists; that is, one putative class member is a citizen of a state different from that of one defendant. 20 U.S.C. § 1332(d)(2); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090-91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)).

---

[1] Defendants do not concede, and reserve the right to contest at the appropriate time, Plaintiff's allegations that this action can properly proceed as a class action. Defendants do not concede that any of Plaintiff's allegations constitute a cause of action against them under applicable California law.

11. "An individual is a citizen of the state in which he is domiciled…" *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Lew v. Moss*, 797 F. 2d 747, 750 (9th Cir. 1986). Evidence of continuing residence creates a presumption of domicile. *Washington v. Havensa LLC*, 654 F.3d 340, 345 (3rd Cir. 2011).

12. Plaintiff admits that he is a resident of California. Mackay Decl., Ex. A ¶ 6. The Complaint does not allege any alternate state citizenship. Charter's records show that Plaintiff's last known address is in California. Therefore, the Plaintiff is a citizen of California for diversity jurisdiction purposes.

13. Moreover, Plaintiff has brought claims on behalf of alleged putative class members who worked for Defendants in California. Mackay Decl., Ex. A ¶ 10. Thus, at least one putative class member is a citizen of California for diversity jurisdiction purposes.

14. Pursuant to 28 U.S.C. § 1332, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The "principal place of business" for the purpose of determining diversity subject matter jurisdiction refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities…[I]n practice it should normally be the place where the corporation maintains its headquarters-provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meeting[.]" *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93, 130 S. Ct. 1181, 1192 (2010).

15. Defendant Charter Communications, Inc. is now, and was at the time Plaintiff filed the Complaint, a corporation organized under the laws of the State of

Delaware, with its principal place of business in Connecticut. Defendant Charter Communications, Inc.'s corporate decisions generally are made in Connecticut, including its operation, executive, administrative, and policymaking decisions. The majority of Defendant Charter Communications Inc.'s executive officers principally conduct their business from headquarters in Connecticut. Thus, at all times relevant hereto, Defendant Charter Communications, Inc. has been a citizen of Connecticut, and not a citizen of California. 28 U.S.C. § 1332(c)(1).

16. For the purposes of determining the citizenship of a limited liability company, it is treated the same as an unincorporated association. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). "Notwithstanding LLCs' corporate traits, however, every circuit that has addressed the question treats them like partnerships for the purposes of diversity jurisdiction." *See Id. citing, Gen. Tech. Applications, Inc. v. Exro Ltda.*, 388 F.3d 114, 120 (4th Cir. 2004); *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 828-29 (8th Cir. 2004); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004); *Handelsman v. Bedford Village Assocs. Ltd P'ship*, 213 F.3d 48, 51 (2d Cir. 2000); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998).

17. Therefore, for the purposes of diversity jurisdiction, the corporate citizenship rule does not apply to LLCs. *See* 28 U.S.C. § 1332(c). Instead, the Ninth Circuit looks to the citizenship of each of the LLC's members. *See Johnson*, 437 F.3d at 899; *see also Carden v. Arkoma Assocs.*, 494 U.S. 185, 189 (1990). Consistent with its sister circuits, the Ninth Circuit has held that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens. *See Johnson*, 437 F.3d at 899.

18. Defendant Charter Communications, LLC is now, and was at the time Plaintiff filed the Complaint, a limited liability company organized under the laws of the State of Delaware, with its principal place of business in Missouri. The sole

1  member of Defendant Charter Communications, LLC is Charter Communications
2  Operating LLC, which is a Delaware limited liability company with a principal
3  place of business in Missouri.

4      19.    The sole member of Charter Communications Operating, LLC is CCO
5  Holdings, LLC, which is a Delaware limited liability company with its principal
6  place of business in Missouri.

7      20.    The sole member of CCO Holdings, LLC is Spectrum Management
8  Holding Company, LLC, a limited liability company organized in Delaware with its
9  principal place of business and headquarters located in Missouri.

10     21.    Spectrum Management Holding Company, LLC's sole member is
11 Charter Communications Holdings, LLC, a limited liability company organized in
12 Delaware with its principal place of business and headquarters located in Missouri.

13     22.    Charter Communications Holding Company, LLC's sole member is
14 Defendant Charter Communications, Inc., which is a corporation organized in
15 Delaware with its principal place of business and headquarters located in
16 Connecticut.

17     23.    None of Defendant Charter Communications, LLC's members is a
18 citizen of California. Thus, at all times relevant hereto, Defendant Charter
19 Communications, LLC has not been a citizen of California.  Thus, at all times
20 relevant hereto, Defendants are not now, and were not at the time of the filing of the
21 Complaint, citizens and/or residents of the State of California for the purposes of
22 determining diversity jurisdiction. 28 U.S.C. § 1332(c)(1).

23     24.    In determining whether a civil action is properly removable on the
24 basis of diversity jurisdiction under 18 U.S.C. § 1332, courts disregard the
25 citizenship of defendants sued under fictitious names. 28 U.S.C. § 1441(b)(1). The
26 citizenship of "Does 1-50" named in the Complaint is therefore immaterial with
27 respect to removal.
28

25. Because Plaintiff is, and was at the time he filed the Complaint, a citizen of California; because Defendants are, and were at the time Plaintiff filed the Complaint, not citizens of California, diversity of citizenship exists between the parties and existed at the time the Complaint was filed, diversity of citizenship is satisfied and diversity jurisdiction exists under CAFA. 28 U.S.C. § 1332(d)(2)(A) (requiring only "minimal diversity" under which "any member of a class of plaintiffs is a citizen of a State different from any Defendant").

### C. The Amount In Controversy Exceeds $5 Million.

26. Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6). Because Plaintiff does not expressly plead a specific amount of damages, Defendants, as the removing parties "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 554 (2014). "If a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000' the court should err in favor of exercising jurisdiction over the case." Senate Judiciary Report, S. REP. 109-14, at 42 (2005) (citation omitted).

27. A removing defendant is "not required to comb through its records to identify and calculate the exact frequency of violations." *Oda, et al. v. Gucci Am., Inc.*, 2015 U.S. Dist. LEXIS 1672, at *12 (C.D. Cal. Jan 7, 2015); *see Sanchez v. Russell Sigler, Inc.*, 2015 WL 12765359, *2 (C.D. Cal April 28, 2015) ("[A] removing defendant is not obligated to research, state and prove the plaintiff's claim for damages.") (citation omitted). *See also LaCross v. Knight Transportation Inc.*, 775 F.3d 1200, 1203 (9th Cir. 2015) (rejecting plaintiff's argument for remand based on the contention that the class may not be able to prove all amounts claimed: "Plaintiffs are conflating the amount in controversy with the amount of damages

ultimately recoverable."); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1998 n.1 (9th Cir. 2015) (in alleging the amount in controversy, Defendants "are not stipulating to damages suffered, but only estimating the damages in controversy."). The ultimate inquiry is what amount is put "in controversy" by the plaintiff's complaint, not what a defendant will actually owe. *LaCross*, 775 F.3d at 1202 (internal citation omitted) (explaining that courts are directed "to first look to the complaint in determining the amount in controversy.")

28. Although Defendants deny Plaintiff's factual allegations and deny that he or the class he seeks to represent are entitled to the relief for which Plaintiff has prayed, as detailed below, Plaintiff's allegations and prayer for relief have "plausibly" put into controversy an amount that easily exceeds the $5 million threshold when aggregating the claims of the putative class members as set forth in 28 U.S.C. §1332(d)(6).[2]

1. **Demonstrating the Amount in Controversy**

29. Plaintiff seeks to represent ""[a]ll persons who have been employed by Defendants as Non-Exempt Employees or equivalent positions…in the state of California[.]" Mackay Decl., Ex. A ¶ 10. He further seeks to represent the Meal Period Subclass, Rest Period Subclass, Wage Statement Subclass, Waiting Time Penalty Subclass, and Unfair Business Practices Subclass. *Id.* ¶ 11. Plaintiff further

---

[2] The Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiff's Complaint. Defendants' references to specific damage amounts and citation to comparable cases are provided solely for establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum. Defendants maintain that each of Plaintiff's claims is without merit and that Defendants are not liable to Plaintiff or any putative class member. Defendants expressly deny that Plaintiff or any putative class member is entitled to recover any of the penalties he seeks in the Complaint. In addition, Defendants deny that liability or damages can be established on a class-wide basis. No statement or reference contained in this removal notice shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Defendant's] liability." *Lewis v. Verizon Communs., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

alleges that his claims "are typical of those claims which could be alleged by any member of the Class and/or Subclass" (*Id.* ¶ 17) and seeks, among other things, compensatory and nominal damages, restitution, penalties, and attorneys' fees, costs and interest. *Id.* ¶¶ 55, 62, 67, 72, 80, 86, and Prayer.

      a.    **Plaintiff's Fourth Cause of Action for "Failure to Timely Pay Wages" (Waiting Time Penalties) Puts More Than $5,000,000 in Controversy.**

30.    Plaintiff alleges that "Defendants are liable to Plaintiff and members of the…class for waiting time penalties pursuant to Labor Code § 203" *Id.* ¶ 72.

31.    Under California Labor Code § 203, if an employer fails to pay all wages due upon termination in a timely manner, "the wages of the employees shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced" for up to 30 days. Cal. Labor Code § 203.

32.    Of the individuals who fall within Plaintiff's class definition, well in excess of, and certainly no fewer than, 3,000 are former employees, *i.e.*, potentially entitled to waiting time penalties pursuant to Cal. Labor Code § 203. The weighted average hourly minimum wage for the State of California during the last four (4) years is $10.50.[3] *Id.* As such, the amount in controversy by Plaintiff's cause of action for Failure to Timely Pay Wages can be calculated as follows:

**$10.50 per hour * 8 hours per day * 30 days * 3,000 individuals = $7,560,000**

33.    Thus, Plaintiff's cause of action for Failure to Timely Pay Wages alone puts over $5 million at issue, thereby satisfying the CAFA's amount in controversy requirement.

---

[3] The weighted average minimum hourly wage for the State of California during the limitations period serves as a conservative estimate of the average hourly rate of pay earned by the putative class members. However, Defendants regularly pay their non-exempt, hourly employees at a higher hourly rate of pay than the State of California minimum wage requirement. Nevertheless, Defendants will use the conservative estimate for the purposes of establishing the CAFA amount in controversy requirement is met.

b. **Plaintiff's Other Causes of Action Put Additional Amounts in Controversy, Clearly Exceeding the CAFA Threshold.**

34. In addition to the foregoing amount, Plaintiff's other causes of action place yet more amounts in controversy, further demonstrating that the CAFA threshold is satisfied. Plaintiff's First, Second, Third, Fifth, and Sixth Causes of Action all place additional amounts in controversy. Plaintiff's First Cause of Action for Failure to Pay Wages Including Overtime alleges that Defendants "failed to pay all wages and overtime owed to Plaintiff and Class Members" and therefore "Plaintiff and Class Members are entitled to recover their unpaid wages and overtime compensation, as well as interest, costs, and attorneys' fees." Mackay Decl., Ex. A ¶¶ 46-55.

35. Plaintiff's Second Cause of Action for Failure to Provide Meal Periods or Compensate in Lieu Thereof alleges that Defendants "failed to provide Plaintiff and Class Members, timely and uninterrupted meal periods of not less than thirty (30) minutes" and therefore "Plaintiff and Class Members are entitled to recover one (1) hour of premium pay for each day in which a meal period was not provided, along with interest and penalties thereon, attorneys' fees, and costs." Mackay Decl., Ex. A ¶¶ 56-62.

36. Plaintiff's Third Cause of Action for Failure to Provide Required Rest Periods or Compensate in Lieu Thereof alleges that "Plaintiff and Class Members were not provided all of their rest periods" and therefore, "Plaintiff and Class Members are entitled to recover one (1) hour of premium pay for each day in which Defendants failed to provide a rest period[.]" Mackay Decl., Ex. A ¶¶ 63-67.

37. Plaintiff's Fifth Cause of Action for Failure to Provide Accurate Itemized Wage Statements alleges that "Defendants have failed to accurately record all time worked" and" to accurately record the meal and rest period premiums owed and all wages owed per pay period" and therefore "Plaintiff and the Class are

entitled up to a maximum of $4,000 each for record keeping violations." Mackay Decl., Ex. A ¶¶ 73-80.

38. Plaintiff's Sixth Cause of Action for Violation of Business & Professions Code § 17200, *et seq.* alleges that "Plaintiff and Class Members have been personally aggrieved by Defendants' unlawful and unfair business acts…by the loss of money and/or property" and therefore, "Plaintiff and Class Members are entitled to restitution of the wages withheld and retained by Defendants[.]" *Id.* ¶¶ 81-86.

39. Additionally, Plaintiff seeks recovery of attorneys' fees. Ex. A, Prayer. Attorneys' fees are properly included in determining the amount in controversy. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007). Estimated future attorneys' fees are properly included in determining the amount in controversy, including for class actions seeking fees under Labor Code Section 226. *See Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 793-794 (9th Cir. 2018) ("Because the law entitles [the plaintiff] to an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy."). The Ninth Circuit held that future fee estimates can be based on "customary rates and proper fees," and that "a percentage-based method," such as 25% of the amount in controversy, may also be relevant when estimating the amount of fees included in the amount in controversy. *Id.* at 795 and 796, fn. 6.

40. Defendants deny Plaintiff's claim for attorneys' fees. However, for purposes of removal, even though Defendants have already demonstrated by a preponderance of the evidence that the amount in controversy exceeds $5,000,000, Defendants note that the inclusion of future attorneys' fees would increase the amount in controversy by a material amount.

## V. VENUE

41. This Court is the proper venue for this action under 28 U.S.C. § 1441(a). The State Court Action is pending in the County of San Diego, California, and the United States District Court for the Southern District of California is the United States District Court that corresponds to the place where the State Court Action is pending.

## VI. NOTICE

42. Defendants will promptly file a removal notice with the Clerk of the Superior Court of the State of California for the County of San Diego, and will serve written notice of the same upon counsel of record for Plaintiff. 28 U.S.C. § 1446(d).

## VII. CONCLUSION

43. Based on the foregoing, Defendants respectfully request that this action be removed to this Court. If any question arises as to the propriety of the removal of this action, Defendants respectfully request the opportunity to present a brief and oral argument in support of its position that this case is subject to removal.


Dated: September 25, 2019                MORGAN, LEWIS & BOCKIUS LLP


                                         By */s/ Aimee G. Mackay*
                                            Max Fischer
                                            Aimee Mackay
                                            Megan McDonough
                                            Attorneys for Defendant
                                            CHARTER COMMUNICATIONS, LLC